# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| **ANNICK ROY,** as Special Administrator of the Estate of Jean-Guy Veilleux, Deceased, et al., | ) ) ) ) ) ) **Plaintiffs,** ) ) **v.** ) ) **CANADIAN PACIFIC RAILWAY COMPANY, et al.,** ) ) ) **Defendants.** ) ) ) ) ) ) | 1:14-cv-00113-JDL 1:16-cv-00120-JDL 1:16-cv-00121-JDL 1:16-cv-00122-JDL 1:16-cv-00123-JDL 1:16-cv-00124-JDL 1:16-cv-00125-JDL 1:16-cv-00126-JDL 1:16-cv-00127-JDL 1:16-cv-00128-JDL 1:16-cv-00129-JDL 1:16-cv-00130-JDL 1:16-cv-00131-JDL 1:16-cv-00132-JDL 1:16-cv-00133-JDL 1:16-cv-00134-JDL 1:16-cv-00135-JDL 1:16-cv-00136-JDL 1:16-cv-00137-JDL | 1:15-cv-00250-JDL 1:16-cv-00138-JDL 1:16-cv-00139-JDL 1:16-cv-00140-JDL 1:16-cv-00141-JDL 1:16-cv-00142-JDL 1:16-cv-00143-JDL 1:16-cv-00144-JDL 1:16-cv-00145-JDL 1:16-cv-00146-JDL 1:16-cv-00147-JDL 1:16-cv-00148-JDL 1:16-cv-00149-JDL 1:16-cv-00150-JDL 1:16-cv-00151-JDL 1:16-cv-00153-JDL 1:16-cv-00154-JDL 1:16-cv-00156-JDL 1:16-cv-00105-JDL 1:16-cv-00106-JDL |

## PROCEDURAL ORDER

On March 30, 2016, the parties in each of the thirty-seven cases arising from the train derailment in Lac Mégantic, Québec, that were recently transferred to the District of Maine (the "Recently Transferred Cases") filed a Joint Motion for Entry of a Procedural Order Regarding Motions Filed in Related Matters and Request for Hearing (the "Joint Motion"). *See e.g.,* 1:16-cv-00120-JDL, ECF No. 56.

In their Joint Motion, the parties propose that the two previously-transferred cases—the *Roy* case, 1:14-cv-00113-JDL, and the *Grimard* case, 1:15-cv-00250-JDL—serve as "bellwether cases" on a limited basis to avoid the need for identical motions to be filed in all 39 cases and to allow the court to immediately consider and

hold hearings on the four fully-briefed substantive motions that the parties have filed in each case. The four fully-briefed motions, defined in the Joint Motion as the "Common Motions," are:

- Plaintiffs' Motion for Leave to File a Second Amended Complaint (1:14-cv-00113-JDL, ECF No. 248; 1:15-cv-00250-JDL, ECF No. 83);

- Plaintiffs' Motion to Find that Settlement with Defendants was Made in Good Faith (1:14-cv-00113-JDL, ECF No. 249; 1:15-cv-00250-JDL, ECF No. 84);

- Canadian Pacific Railway Company's Amended Motion to Dismiss (1:14-cv-00113-JDL, ECF No. 244; 1:15-cv-00250-JDL, ECF No. 79);

- Canadian Pacific Railway Company's Cross-Motion for an Order Applying Canadian Non-Pecuniary Damage Limitations (1:14-cv-00113-JDL, ECF No. 268; 1:15-cv-00250-JDL, ECF No.102).

The parties also request that I enter a consent order which deems the Common Motions as having been filed in all of the Recently Transferred Cases and renders the Amended Complaints that were filed by the Plaintiffs in 1:16-cv-00105-JDL and 1:16-cv-00106-JDL to be ineffective and subject to the Plaintiffs' Motion for Leave to File a Second Amended Complaint filed in 1:14-cv-00113-JDL at ECF No. 248 and 1:15-cv-00250-JDL at ECF No. 83.

On April 6, 2016, I granted the Plaintiffs' Motion to Dismiss the Released Parties Pursuant to Federal Rule of Civil Procedure 54(b) which was filed in all cases. *See, e.g.,* 1:14-cv-00113-JDL, ECF No. 285. This leaves Canadian Pacific Railway Company as the remaining sole defendant at this time in all cases except 1:16-cv-00105-JDL and 1:16-cv-00106-JDL.

I wish to consider a different procedural approach that is similar to, but different from that requested by the parties, but which should accomplish the same objectives as those of the Joint Motion. First, I would grant the Joint Motion in part and order the Amended Complaints that were filed by the Plaintiffs in 1:16-cv-00105-JDL and 1:16-cv-00106-JDL to be deemed "provisionally filed" and subject to the Plaintiffs' Motion for Leave to File a Second Amended Complaint, *supra*. This would fold all of the plaintiffs' attempts at amending their complaints into one motion, and would prevent Canadian Pacific and its affiliates from being required to file an answer or otherwise respond to the Amended Complaints in 1:16-cv-00105-JDL and 1:16-cv-00106-JDL until I have ruled on the motion. I would also deem the Common Motions as having been filed in all of the Recently Transferred Cases.

Second, I would deny as moot the Estate Representative's Cross-Motion for Entry of an Order (A) Enforcing the Releases and Injunctions Contained in the Order Adopting the Confirmation Order and Dismissing the Released Parties From the Derailment Actions and (B) Exempting the Released Parties From Compliance with the Local Counsel Requirement. *See, e.g.,* 1:14-cv-00113-JDL, ECF No. 278.

Third, I would grant in part the plaintiffs' motion for waiver of pro hac vice fees filed in 1:15-mc-00355-JDL at ECF No. 48, and waive the fee requirement for parties whose attorneys have previously complied with Local Rule 83.1. I will deny the motion in part for any parties whose attorneys have not previously complied with the rule.

Finally, now that all defendants have been dismissed except Canadian Pacific Railway Company and its affiliates[1], I would consolidate into one docket all thirty-nine cases arising from the Lac Mégantic derailment pursuant to Federal Rule of Civil Procedure 42(a), to be captioned "In re Lac Mégantic Train Derailment Litigation."  This would result in one docket with the four Common Motions as the only motions presently under advisement, and subject to my determination later in the case that severance of some or all of the actions is appropriate pursuant to Federal Rule of Civil Procedure 21.

Once the preceding steps have been completed, a hearing would be held on the issues raised by the Common Motions as requested in the Joint Motion.

In light of the foregoing, this matter is referred to Magistrate Judge John C. Nivison to conduct a telephonic case status conference with all parties on Thursday, April 21, 2016 at 10:00 a.m., at which he will solicit the parties' comments to the proposed course of action described above, and to then issue an appropriate case management order.

**SO ORDERED.**

**Dated this 6th day of April, 2016.**

                                                                      **/s/ Jon D. Levy**
                                                                      **U.S. DISTRICT JUDGE**

---

[1] Subject, as discussed above, to my decision on the Plaintiffs' Motion for Leave to File a Second Amended Complaint in *Roy,* 1:14-cv-00113-JDL, ECF No. 248 and *Grimard,* 1:15-cv-00250-JDL, ECF No. 83.